1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12  Earl W. STEFANSON, | Case Number 3-11-cv-2944-WHA-PR |
| 13       Petitioner, | <u>NONCAPITAL CASE</u> |
| 14       v. | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| 15  William KNIPP,<br>     Acting Warden of Mule Creek State Prison,[1] | |
| 16       Respondent. | |

17

18        Petitioner, a state prisoner who is proceeding pro se, was convicted in state court of

19 numerous crimes of violence against three women, including torture and first-degree murder.

20 (Doc. No. 1 at 3–6.)  During Petitioner's trial, the judge admonished the jury not to converse

21 with anyone about the trial.  Juror No. 6 violated this admonition when he told co-workers that

22 he was a juror in the trial and then was told by a co-worker that Petitioner was the son of a

23 former president of Hells Angels.  Juror No. 6 did not report these conversations to the judge; he

24 did tell the rest of the jury during deliberations that he knew "something" that they did not know,

25 although he said nothing further about the matter until the trial was over.  (*Id.* at 12–13.)  It is

26 undisputed that Juror No. 6 committed misconduct.  (*Id.* at 14; Doc. No. 5-1 at 6–9.)

27

28        [1] William Knipp is automatically substituted as Respondent pursuant to Federal Rule of Civil
Procedure 25(d).

1    Petitioner contends that this juror misconduct rendered his trial invalid under the Sixth

2 and Fourteenth Amendments because Juror No. 6 was biased against him.  (Doc. No. 1 at

3 14–19.)  In considering this claim on direct review, the state appellate court concluded that it

4 "agree[d] with the trial court's assessment that the overwhelming evidence of [Petitioner's]

5 brutality towards each of the three victims eliminates any likelihood that Juror No. 6 was

6 influenced by what he was told concerning [Petitioner's] father." *People v. Stefanson*, No.

7 A121997, 2010 WL 411716, at *6 (Cal. Ct. App. Feb. 4, 2010).

8    This Court has conducted an independent review of the record in Petitioner's case.  The

9 record reflects that the state appellate court correctly described in graphic detail Petitioner's

10 extraordinary brutality against his victims.  *See id.* at *1–2.  The allegation that Petitioner's

11 father was a former president of Hells Angels was "'so minor and distant'" that it could not have

12 had an effect on Juror No. 6.  *Id.* at *5 (quoting Petitioner's trial judge).  Upon reviewing the

13 record as a whole, the Court finds and concludes that the allegation about Petitioner's father

14 could not have influenced Juror No. 6 or biased him against Petitioner, and the misconduct

15 committed by Juror No. 6 was harmless.  Under any standard of review, Petitioner received a fair

16 trial with an impartial jury in accordance with the Sixth and Fourteenth Amendments.

17    Accordingly, and good cause appearing therefor, the Court denies the Petition for a Writ

18 of Habeas Corpus and declines to issue a certificate of appealability.  The Clerk of the Court

19 shall enter judgment in favor of Respondent and shall close the file.

20                                                                                      *It is so ordered.*

21

22 DATED:    April 13, 2012    _____

23                                                        WILLIAM H. ALSUP
                                                             United States District Judge

24

25

26

27

28

2