1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO DIVISION**

11

12   Earl W. STEFANSON,                    Case Number 3-11-cv-2944-WHA-PR

13                    Petitioner,          <u>NONCAPITAL CASE</u>

14             v.                          ORDER DENYING PETITION FOR A
                                           WRIT OF HABEAS CORPUS
15   William KNIPP,
     Acting Warden of Mule Creek State Prison,[1]
16
                     Respondent.
17

18        Petitioner, a state prisoner who is proceeding pro se, was convicted in state court of

19   numerous crimes of violence against three women, including torture and first-degree murder.

20   (Doc. No. 1 at 3–6.)  During Petitioner's trial, the judge admonished the jury not to converse

21   with anyone about the trial.  Juror No. 6 violated this admonition when he told co-workers that

22   he was a juror in the trial and then was told by a co-worker that Petitioner was the son of a

23   former president of Hells Angels.  Juror No. 6 did not report these conversations to the judge; he

24   did tell the rest of the jury during deliberations that he knew "something" that they did not know,

25   although he said nothing further about the matter until the trial was over.  (*Id.* at 12–13.)  It is

26   undisputed that Juror No. 6 committed misconduct.  (*Id.* at 14; Doc. No. 5-1 at 6–9.)

27

28        [1] William Knipp is automatically substituted as Respondent pursuant to Federal Rule of Civil
     Procedure 25(d).

1    Petitioner contends that this juror misconduct rendered his trial invalid under the Sixth

2    and Fourteenth Amendments because Juror No. 6 was biased against him.  (Doc. No. 1 at

3    14–19.)  In considering this claim on direct review, the state appellate court concluded that it

4    "agree[d] with the trial court's assessment that the overwhelming evidence of [Petitioner's]

5    brutality towards each of the three victims eliminates any likelihood that Juror No. 6 was

6    influenced by what he was told concerning [Petitioner's] father."  *People v. Stefanson*, No.

7    A121997, 2010 WL 411716, at *6 (Cal. Ct. App. Feb. 4, 2010).

8    This Court has conducted an independent review of the record in Petitioner's case.  The

9    record reflects that the state appellate court correctly described in graphic detail Petitioner's

10   extraordinary brutality against his victims.  *See id.* at *1–2.  The allegation that Petitioner's

11   father was a former president of Hells Angels was "'so minor and distant'" that it could not have

12   had an effect on Juror No. 6.  *Id.* at *5 (quoting Petitioner's trial judge).  Upon reviewing the

13   record as a whole, the Court finds and concludes that the allegation about Petitioner's father

14   could not have influenced Juror No. 6 or biased him against Petitioner, and the misconduct

15   committed by Juror No. 6 was harmless.  Under any standard of review, Petitioner received a fair

16   trial with an impartial jury in accordance with the Sixth and Fourteenth Amendments.

17   Accordingly, and good cause appearing therefor, the Court denies the Petition for a Writ

18   of Habeas Corpus and declines to issue a certificate of appealability.  The Clerk of the Court

19   shall enter judgment in favor of Respondent and shall close the file.

20                                                                                          *It is so ordered.*

21

22   DATED:   __April 13, 2012__               _____

23                                                             WILLIAM H. ALSUP
                                                              United States District Judge

24

25

26

27

28

Case No. 3-11-cv-2944-WHA-PR
ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
(DPSAGOK)